May Term, 1856.

BOWEN
v.
McDOUGLE.

---

## BOWEN *v.* McDOUGLE.

The plaintiff having recovered a judgment against the defendant, the latter moved the Court to tax the costs of several witnesses who had been summoned by the plaintiff and not examined, against him. Only a part of the record was before the Supreme Court, and it not appearing necessarily from it that the Court must have erred, *held,* that every presumption was in favor of the action of the Court. *Held,* also, that the motion should have been supported by an affidavit of merits.

The statute authorizing questions of law to be reserved and to be brought to the Supreme Court on a part of the record only, requires that the bill of exceptions, or some other part of the record, shall show that the party notified

the Court of his intention to bring up the case upon the question reserved, giving the Court an opportunity to determine what part of the record would present the question truly.

May Term, 1856.

BOWEN
v.
McDOUGLE,

APPEAL from the *Decatur* Circuit Court.

GOOKINS, J.—A bill of exceptions in this cause states that, at the proper time, the defendant moved the Court to tax the plaintiff with the fees of certain witnesses, and the fees and mileage of summoning them, who had been summoned by the plaintiff and not examined. The action was for slander, and on the trial, but before the jury were sworn, the defendant withdrew a paragraph of his answer which alleged the truth of the slanderous words charged, and the cause was tried on the defendant's denial of the speaking of the words. Verdict and judgment for the plaintiff.

Tuesday, May 27.

It appears that ten witnesses summoned for the plaintiff, were not sworn; that he examined but one witness and rested; and that no testimony was offered by the defendant. The motion was resisted by the plaintiff, on the ground that the examination of these witnesses was rendered unnecessary, by the withdrawal of the allegation justifying the slanderous words.

No part of the record is brought before us, except what relates to this motion. From what appears, we are not authorized to say the Circuit Court erred in refusing it. The paragraph justifying the slander may have been filed at a previous term, and the cause may have been continued to prove that issue, which the record may show. In the absence of the record, all presumptions are in favor of the action of the Court.

We have a statute authorizing questions of law to be reserved and to be brought up, on a part of the record only; 2 R. S., p. 116, s. 347; but this record is not made in conformity to that statute. In such a case, the bill of exceptions, or some other part of the record, must show that the party gave notice of his intention to bring up the case upon the question reserved, giving the Court an opportunity to determine what part of the record would present the question truly. This has not been done.

Further, we think the defendant should have supported his motion by an affidavit showing that he had merits in it. The general rule is that a judgment carries costs; 2 R. S., p. 126, s. 396; and if a party would take his case out of that rule, he should at least show that he has merits in his motion. From what appears, it is highly improbable that the defendant would have made such an affidavit.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Robinson*, for the appellant.